PEOPLE ex rel. ST. NICHOLAS AVE. & C. T. R. CO. v. GRANT, Mayor.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. FRANCHISE OF STREET-RAILWAY—NOTICE OF APPLICATION—PUBLICATION.
Laws 1884, c. 252, § 4, provides that before the consent of the board of aldermen to the grant of a franchise to a street-railway company shall be given there shall be published daily for at least 14 days, in two daily newspapers of the city, designated by the mayor, notice of the time and place when application will be first made for the franchise. *Held*, that a failure to advertise properly the time and place in more than one paper is fatal to the right of the board to entertain the application.

2. SAME—NOTICE OF SALE.
Where an invalid franchise has been granted, the mayor is not bound to designate newspapers in which the notice of the time, place, and terms of sale of such franchise shall be published.

Appeal from special term, New York county.

Application by the St. Nicholas Avenue & Cross Town Railroad Company for a peremptory writ of mandamus to compel Hugh J. Grant, as mayor of the city of New York, to designate two newspapers of the city in which might be published notice of the time, place, and terms of sale of a street-railway franchise for operating a road over a route adopted by the board of aldermen of the city. From an order denying the application, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Charles W. West, for appellant.

Wm. H. Clark, (Charles Blondy, of counsel,) for respondent.

PER CURIAM. We might content ourselves with affirming the order appealed from upon the opinion of the court below. Deeming it, however, unnecessary to consider or determine all the questions reviewed by the learned judge at special term, or presented by the appellant upon this appeal, we feel safe in placing our affirmance upon the ground that the failure to properly advertise the time and place when the application made by the relator was first to be considered by the board of aldermen, as required by section 4, c. 252, Laws 1884, is fatal to relator's right to a peremptory mandamus. It is conceded that before the consent of the board of aldermen could be given the law required notice to be published daily "for at least fourteen days, in two daily newspapers of said city, to be designated by the mayor of the city," of the time and place when application would be first made by a railroad company for a franchise to construct and operate a street railway. It is also conceded that the time and place were only properly advertised in one paper. If it can be argued that this was not fatal to the right of the board of aldermen to entertain the application, or that it was a compliance with the provisions of the act, then we see no reason why, if no advertisement at all had been published, it would not have been equally as effective. In other words, if the suggestion against the plain and explicit words of the statute, requiring notice to be published in two newspapers, is to be upheld upon showing publication in one, the argument would be equally as strong in support of the view that no advertisement

at all was necessary. The contention that, notwithstanding such invalidity in the franchise granted to the relator, the mayor was bound to comply with the request of the relator to publish the notice of the time, place, and terms of sale of the franchise, is equally without force. We have been referred to no authority, nor do we think any is necessary, in support of the proposition that, however much we may regard the mayor as a ministerial officer, with notice of the invalidity of the franchise, he is not bound to designate the papers which shall fix the time, place, and terms of sale of such franchise, or that, upon his refusal, the court by a peremptory mandamus will compel him to do so. We think that where the invalidity of the franchise, as in this case, is patent, the mayor was justified in his refusal, and that the court was not at liberty to compel him to perform an act which would present for public bidding an invalid franchise. We are of opinion, therefore, that the conclusion reached by the learned judge at special term was correct, and that the order appealed from should be affirmed, with costs.